Clay Robbins III, Esq. (SBN 101275)
**MAGAÑA, CATHCART & McCARTHY**
1801 Avenue of the Stars, Suite 600
Los Angeles, California 90067-5899
Tel: (310) 553-6630; Fax (310) 407-2295

HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI
Eric D. Pearson
eric@reyeslaw.com
John W. Pate
john@reyeslaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, TX 75220
214-526-7900 Telephone
214-526-7910 Facsimile
Attorneys for Plaintiffs

FILED

08 DEC 12 PM 4: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

VIA FAX

# UNITED STATES DISTRICT COURT FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL MARKEE and STAN GOR, on behalf of themselves and all others similarly situated, ) ) ) ) Plaintiffs, ) ) vs. ) ) HITACHI HOME ELECTRONICS (AMERICA), ) INC. HITACHI AMERICA, LTD., and ) HITACHI LTD. ) ) Defendants. ) | **'08 CV 2314 BEN LSP** CASE NO. _____ **COMPLAINT** **CLASS ACTION** **JURY TRIAL DEMANDED** |

CRYSTAL MARKEE and STAN GOR on behalf of themselves and all others similarly situated,

by and through their attorneys, make the following allegations and claims for their complaint against

Hitachi Home Electronics (America), Inc., Hitachi America, Ltd. Inc., and Hitachi Ltd. (collectively

referred to as "Hitachi" or "Defendants"). The following allegations are made upon information and

belief, except as to allegations specifically pertaining to Plaintiffs, which are made upon knowledge.

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act of 2005, Publ. L. 109-2 (Feb. 18, 2005); and over supplemental state law claims pursuant to 28 U.S.C. § 1367.

2.   Venue is proper in this district under 28 U.S.C. § 1391(a)(1) and (2) and/or Pub. L. 109-2.  As set out below, Defendants made or caused the Televisions, defined below, to be offered for sale and sold to the public, in this district in California, specifically, from the headquarters of Hitachi Home Electronics (America), Inc. located in the city of Chula Vista, County of San Diego.  The events and conduct giving rise to the violations of law in this action constitute interstate commerce, and a significant portion thereof occurred in this District.

**PRELIMINARY STATEMENT**

3.   This class action is brought by Plaintiffs seeking damages and equitable relief on their own behalf and on behalf of all others similarly situated in the United States who have purchased Hitachi LCD Rear Projection Televisions (the "Televisions"), all of which were delivered by Hitachi with an identical characteristic and inherent defect in a major component called the "Optical Block" (the "Defect").  The Defect which was present upon delivery and which manifests itself over time, causes green blobs, red "bloom," green haze, blue dots, yellow lines and other color anomalies to be displayed across the screens of the Televisions, severely interfering with the program display, and rendering the Televisions unsuitable for their principal purpose.   Hitachi has compounded its improper sale of the defective Televisions by acting in contravention of applicable state and federal warranty laws and refusing to honor its obligation to repair the Defect without cost to members of the Class.

PLAINTIFFS' COMPLAINT - CLASS ACTION

4.  As such, Hitachi has perpetuated a massive consumer fraud upon no fewer than tens of thousands of unsuspecting consumers.  Hitachi marketed these Televisions as high-end videophile devices, with a high definition picture far superior to that provided by a standard television, and these claims allowed Hitachi to command suggested retail prices for these units of $3000.00 or more.  In fact, however, the Defect contained in the Televisions, and the blobs, haze, lines and other color anomalies that it causes to appear across the screens, render them essentially useless.

## PARTIES

5.  Plaintiff CRYSTAL MARKEE purchased a Television containing the Defect and is a citizen and resident of Sutter, California.

6.  Plaintiff STAN GOR purchased a Television containing the Defect and is a citizen and resident of Mountain View, California.

7.  Defendant Hitachi Home Electronics (America), Inc. ("Hitachi Home Electronics") is a California corporation with its principal place of business at 900 Hitachi Way, Chula Vista, California.   During the time period covered by this complaint, Hitachi Home Electronics manufactured, sold and distributed Televisions throughout the United States.  This Defendant may be served with process through its registered agent for service of process, CT Corporation System, 818 W. 7th Street, Los Angeles, CA 90017-3407.

8.  Defendant Hitachi America, Ltd. ("Hitachi America") is a New York corporation with its principal place of business at 2000 Sierra Point Parkway, Brisbane, California 94005.  Hitachi America imports, distributes, and/or markets the Televisions containing the Defect, and caused the Televisions to be placed into the stream of commerce in this District and throughout the United States.  This Defendant may be served with process through its registered agent for service of

PLAINTIFFS' COMPLAINT - CLASS ACTION

process, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

9. Defendant Hitachi Ltd. is a Japanese Corporation, with its headquarters located at 6-6-1 Marunouchi, Chiyyoda-ku, Tokyo, Japan, and executive offices in New York and Washington D.C. Hitachi Ltd. designed manufactured, and marketed the Televisions containing the Defect, and purposefully caused them to be placed into the stream of commerce within this District and throughout the United States.

10. Plaintiffs are informed and believe and thereon allege that at all relevant times, each of the defendants was the agent, servant, representative successor, successor in interests and employee of the remaining co-defendants, and in doing the things hereinafter alleged, each was acting within the course and scope of said agency and employment and with the ratification and authorization of its respective principals.

## STATEMENT OF FACTS

11. HDTV refers to high definition television, a method of portraying television images in high resolution, with a high degree of picture detail and accuracy. As such, HDTV televisions command prices several times higher than those for common standard definition television sets. Consumers purchasing HDTV televisions therefore pay a significant premium for the ability to enjoy the high quality picture such television sets offer.

12. Hitachi offers its Televisions to capitalize on this market, offering high definition resolution and large screens to consumers desiring the best video experience available. Hitachi's marketing materials represent that the Televisions brings LCD TV to "remarkable levels of picture quality" designed to deliver an "incredible LCD viewing experience." These claims have allowed Hitachi to command premium prices for these Televisions, which it has successfully marketed as suitable for the most discerning videophiles seeking accurate color reproduction at the highest resolutions and

4

fidelity possible.

13. Consumer's experiences with these Televisions, however, have been completely contrary to what was explicitly represented by Hitachi. Consumers have been dismayed to find that the Televisions display not the clear, color accurate picture which they have paid so dearly for, but rather display green blobs, red "bloom", green haze, blue dots, yellow lines and other color anomalies in various parts of the viewing screen over the displayed program. These color defects greatly interfere with the viewing of the video program, and render the Televisions unsuitable for their intended purpose.

14. The green blobs, red "bloom," green haze, blue dots, yellow lines and other color anomalies are believed to be caused by a condition in the Televisions' "Optical Block" and related componentry which causes the unwanted coloration to be produced on the screen. The Optical Block is the video component that causes the video signal to be displayed as a picture on the viewing screen. The defect in the light engine and related components in the Televisions generate the offending green blobs, red "bloom", green haze, yellow lines and other color anomalies.

15. To date, despite persistent consumer demands, Hitachi has been unable or unwilling to develop or offer consumers any permanent fix for the Defect. Instead, Hitachi has refused to repair the Defect or, (in some cases) offered to replace the Optical Block with identical units containing – but not yet manifesting – the Defect, but has done nothing to correct the underlying cause of the Defect. As a result, although the new light engines serve as a temporary "band-aid" solution, the underlying Defect remains, and will cause the green blobs, red "bloom," green haze, blue dots, yellow lines and other color anomalies to reappear anywhere from several weeks to several months after installation, depending on usage.

16. Hitachi has known about the Defect contained in the Televisions almost immediately after

5

their introduction into the market, and likely earlier. Despite this fact, Hitachi has continued to misrepresent to consumers that the Televisions provide excellent video quality and has omitted to disclose to consumers the existence of the Defect in connection with the marketing and sale of the Televisions or thereafter. Instead, Hitachi continued to design, manufacture, market, distribute, and sell the defective Televisions as if it were unaware of the Defect. However, at that time, Hitachi knew that their Televisions would not be effectively tested for the Defect after they left Hitachi's control and it knew that their express representations about the Televisions would be relied upon by end users and Hitachi's distributors and retailers. No consumers would have purchased the Televisions had they known of these material facts.

17. Hitachi, as the designers, manufacturers, marketers, distributors and sellers, warranted, either expressly or by implication, that the Televisions being sold to the general public were not inherently defective. Hitachi breached their agreement and warranty by doing so and Hitachi made and/or allowed these misrepresentations to be made with the intent of making Plaintiffs and the members of the Class to enter into agreements to purchase the Televisions. If Plaintiffs and members of the Class had known the true facts, they would not have purchased the Televisions or paid as much as they did for the Televisions.

18. In addition, Hitachi's express warranty did not include a conspicuous statement about the Defect and unusual early failure of the Televisions as a result. As such, Hitachi's limits on its express warranty are unenforceable as it knowingly sold a defective product without conspicuously informing consumers about the Defect making its express warranty unconscionable. As a result, Plaintiffs and members of the Class did no receive the goods expressly warranted by Hitachi, namely, fully functioning televisions free from defects.

19. Hitachi extended written limited warranties to Plaintiffs and other members of the Class

PLAINTIFFS' COMPLAINT - CLASS ACTION

which it breached and failed to honor. The time limitations contained in those limited warranties were also unconscionable and grossly inadequate to protect Plaintiffs and the other members of the Class. Among other things, Plaintiffs and the members of the Class had no meaningful choice in determining those time limitations; the terms of the limited warranties unreasonably favored Hitachi over consumers; a gross disparity in bargaining power existed as between Hitachi and Plaintiffs and the members of the Class; and Hitachi knew the Televisions were defective at the time of sale and would fail well before their useful lives, thereby rendering the time limitations insufficient and inadequate.

20. Despite its knowledge of the Defect, at all relevant times, Hitachi continued to misrepresent to consumers that the Televisions provide excellent video quality and omitted to disclose to consumers the existence of the Defect or cure the Defect at the design and/or manufacturing stage. Again, none of these consumers would have purchased the Televisions had they known of this material fact.

21. Although the Defect has been recognized internally at Hitachi, as of the date of this Complaint, Hitachi has refused to recall the Televisions and continues to deny to consumers the existence of the Defect. Indeed, instead of recalling all of the defective Televisions it has sold to an unsuspecting public, Hitachi has engaged in a "secret recall" offering to pay a—usually small—portion of the expense to repair the Defect in Televisions of consumers who threatened to file suit or take other legal action against Hitachi, or those who have publicized their experiences on the internet.

22. The Televisions were sold to distributors and consumers with the knowledge and intent that they Televisions be used for the benefit of consumers. Hitachi and its distributors sold the defective Televisions to Plaintiffs and the members of the Class in the course of their business.

23. The Televisions were no altered by Plaintiffs, the members of the Class, Hitachi's distributors or personnel. The Televisions were defective when they left the exclusive control of Hitachi and

7

Hitachi knew the Televisions would be used without additional tests for defects. The Televisions were defective and unfit for their intended purpose and Plaintiffs and the members of the Class did not receive the goods as warranted.

24. By engaging in the above described conduct, Hitachi committed acts and omissions which were actuated by actual malice and accompanied by a wanton and willful disregard of person, including Plaintiffs and members of the Class, who foreseeably might be harmed by those acts and omissions.

25. As a direct result of Hitachi's actions set forth herein, Plaintiffs and the consumers who comprise the Class who have purchased the Televisions have suffered injury in fact, have been damaged and have suffered a loss of money or property for having paid thousands of dollars for a product that does not, cannot, and will not, work as represented and that is now worth substantially less than what consumers paid and what a non-defective Television would be worth.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action on behalf of themselves and all other members of the class consisting of all purchasers of the Televisions in the United States (the "Class"). Excluded from the Class are defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with defendants, including, without limitation, persons who are directors of Hitachi.

27. The Class is composed of no fewer than tens of thousands of persons nationwide and is sufficiently numerous for class treatment. The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

///

PLAINTIFFS' COMPLAINT - CLASS ACTION

28. Plaintiffs' claims are typical of the claims of the Class, and plaintiffs have no interests adverse to the interest of the other members of the Class.

29. This dispute raises questions of law and fact that are common to all Class members. Those common questions predominate over questions that arise on an individual basis for Class members. The common questions of law and fact include, without limitation:

(a) Whether Hitachi's representations, omissions, and conduct regarding the Televisions were misleading or false;

(b) Whether Hitachi's representations and conduct were likely to deceive consumers into believing that the Television operated properly;

(c) Whether Hitachi violated California Business & Professions Code § 17200 *et seq.*, § 17500 *et seq.*, and California Civil Code § 1750, *et seq.* and § 1792, *et seq.*

(d) To the extent State laws prohibiting consumer deception are applicable, whether Hitachi violated the respective laws of those States;

(e) When Hitachi initiated the deceptive marketing campaign;

(f) Whether Hitachi undertook a course of conduct to hide the existence of the Defect from the members of the Class;

(g) Whether the Defect constitutes a manufacturing or design defect;

(h) Whether the Defect constitutes a breach of Hitachi's warranties;

(i) Whether the members of the Class have been injured by Hitachi's conduct;

(j) Whether the members of the Class have sustained damages and are entitled to restitution as a result of Hitachi's wrongdoing and, if so, what is the proper measure and appropriate formula to be applied in determining such damages and restitution; and

(k) Whether the members of the Class are entitled to injunctive relief.

30. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class action litigation.

9

31. A class action is superior to other methods of the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. If a Class or general public action is not permitted, Class members will continue to suffer losses and Hitachi's misconduct will continue without proper remedy.

33. Hitachi has acted and refused to act on grounds general applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
**Unlawful, Unfair and Fraudulent Business Acts and**
**Practices in Violation of Bus. & Prof. Code § 17200, et seq.**
**(Against All Defendants)**

34. Each of the above allegations is incorporated herein.

35. Hitachi's aforementioned misrepresentations and omissions of fact and wrongful warranty practices were largely disseminated and directed from the principal offices of Hitachi Home Electronics in Chula Vista, California and Hitachi America, Ltd. in Brisbane California. Therefore, based upon the choice of law rules applied in this District, Plaintiff preliminarily identify the substantive laws of California as the most likely to apply to the errors and omissions complained of herein.

36. The acts, practices, misrepresentations and omissions by Hitachi described above, and Hitachi's dissemination of deceptive and misleading advertising and marketing materials in connection therewith, constitute unlawful, unfair and fraudulent business acts and practices and untrue and misleading advertising within the meaning of California Business & Professions Code § 17200 et seq.

37. Hitachi engaged in "unfair" business acts or practices by the promotional efforts undertaken and disseminated.   Hitachi knew that its Televisions contained a characteristic defect, and it determined to benefit economically by distributing these defective products to consumers.  Hitachi's misconduct offends public policy and is immoral, unscrupulous, unethical and offensive, and causes substantial injury to consumers.

38. Hitachi's unlawful, fraudulent or unfair business acts and practices present a continuing threat to Plaintiff, Class members and the general public in that Hitachi has refused to publicly acknowledge the Defect, correct its wrongdoing, and provide compensation for the damages it has caused to consumers.

39. Pursuant to California Business and Professional Code § 17203, Plaintiffs, on behalf of themselves, the other Class members, and the general public, seek an order of this Court enjoining Hitachi from withholding information regarding the Defect its Televisions possess. Plaintiffs, on the same basis, seeks restitution of any monies wrongfully acquired or retained by Hitachi and disgorgement of Hitachi's ill-gotten gains obtained by means of its unfair practices.

### SECOND CAUSE OF ACTION
**Untrue and Misleading Advertizing in Violation**
**Of Bus. & Prof. Code § 17500, et seq.**
**(Against All Defendants)**

40. Each of the above allegations is incorporated herein.

PLAINTIFFS' COMPLAINT - CLASS ACTION

41. California Business & Professions Code § 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations for the purpose of inducing, or which are likely to induce, directly or indirectly, customers to purchase consumer electronics products such as the Televisions here at issue.

42. Hitachi's acts, practices, misrepresentations and omissions alleged herein were intended to, and did, induce the consuming public to purchase the Televisions, and violated and continue to violate Business & Professions Code § 17500, in that Sony caused advertisements for its Televisions to be placed before the general public, but Hitachi's product did not conform to the advertisements.

43. As a result of the foregoing, Plaintiffs, other class members, and the general public are entitled to injunctive and equitable relief, restitution, and an order requiring disgorgement of Hitachi's ill-gotten gains, as described above.

### THIRD CAUSE OF ACTION
**Unlawful Practice in Sale of Consumer Goods in Violation of
CA Consumers Legal Remedies Act, Civil Code § 1750, et. seq.
(Against All Defendants)**

44. Each of the above allegations is incorporated herein.

45. The Televisions as described above were bought by Plaintiffs, and other consumers similarly situated, primarily for personal, family or household purposes.

46. Prior to Plaintiffs' purchases of the above-mentioned Television, defendants violated California Civil Code § 1770 in the following respects:

    (a)  In violation of California Civil Code § 1770(a)(5), Hitachi misrepresented that the Televisions were free from defects, when in fact they contain a significant defect that results in the generation of green blobs, red "bloom," green haze, blue dots, yellow lines and other color anomalies across the viewing screen;

PLAINTIFFS' COMPLAINT - CLASS ACTION

(b) In violation of California Civil Code § 1770(a)(5), Hitachi represented that the Televisions were capable of properly rendering a video program and able to do so with a high degree of precision, when in fact they are unable to do so due to green blobs, red "bloom," green haze, blue dots, yellow lines and other color anomalies which interfere with the picture;

(c) In violation of California Civil Code § 1770(a)(5), Hitachi represented in marketing materials and product manuals that the Televisions had characteristics which they did not have, as the Televisions were incapable of properly rendering video without green blobs, red "bloom," green haze, blue dots, yellow lines and other color anomalies running across the viewing screen;

(d) In violation of California Civil Code § 1770(a)(5), Hitachi represented that the Televisions were of a particular standard, namely, that they would properly play HDTV and standard definition programming, when in fact they would not without green blobs, red "bloom," green haze, blue dots, yellow lines and other color anomalies running across the viewing screen;

(e) In violation of California Civil Code § 1770(a)(9), Hitachi advertised the Televisions as providing high quality video playback with the intent not to sell the Televisions as advertised; and

(f) In violation of California Civil Code § 1770(a)(5), Hitachi represented that the Televisions were capable of high quality, color accurate, video display, when in fact they were not.

47. Plaintiffs are informed and believe and thereon allege that the above-mentioned misrepresentations resulted in the sale of the Televisions to Plaintiffs and to other consumers

13

1  similarly situated.

2  48. Pursuant to California Civil Code section 1780, Plaintiffs, on behalf of themselves, the other

3
4  Class members, and the general public, seek an order of this Court enjoining the defendants from

   continuing the methods, acts and practices set out above regarding their misrepresentations regarding

5
6  the Televisions.

7  **FOURTH CAUSE OF ACTION**
   **Unfair and Deceptive Acts and Practices Under the Various State Laws in Which Class**
8  **Members Reside, Stated in the Alternative to the First and Second Causes of Action, if the**
   **Court Eventually Determines the that the Laws of a Consumers' Residence, and Not those of**
9  **the State of California—Apply to Hitachi's Wrongful, Unfair, and Deceptive Acts**
   **(Against All Defendants)**
10

11  49. Each of the above allegations is incorporated herein.

12  50. To the extent that these laws are applicable to Hitachi's conduct in this matter, the practices
13
   discussed above constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts
14
15  or business practices in violation of the state consumer protection statutes listed in ¶¶ 31-75.

16  51. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in
17
   violation of Cal. Bus. & Prof. Code § 17200, et seq.
18
19  52. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in

20  violation of Alaska Stat. § 45.50.471, et seq.

21  53. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in
22
   violation of Ariz. Rev. Stat. § 44-1522, et seq.
23
24  54. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in

25  violation of Ark. Code § 4-88-101, et seq.

26  55. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in
27
   violation of Cal. Bus. & Prof. Code § 17200, et seq.
28

PLAINTIFFS' COMPLAINT - CLASS ACTION

56. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, et seq.

57. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, et seq.

58. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code. § 2511, et seq.

59. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, et seq.

60. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, et seq.

61. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. § 10-1-392, et seq.

62. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, et seq.

63. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, et seq.

64. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505, et seq.

65. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, et seq.

66. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, et seq.

67. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in

PLAINTIFFS' COMPLAINT - CLASS ACTION

violation of La. Rev. Stat. § 51:1401, et seq.

68. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, et seq.

69. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, et seq.

70. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, et seq.

71. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 8.31, et seq.

72. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Missouri Stat. § 407.010, et seq.

73. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, et seq.

74. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-0601, et seq.

75. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, et seq.

76. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, et seq.

77. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, et seq.

78. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, et seq.

PLAINTIFFS' COMPLAINT - CLASS ACTION

79. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, et seq.

80. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, et seq.

81. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. CODE § 51-15-01, et seq.

82. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, et seq.

83. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. 15 § 751, et seq.

84. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, et seq.

85. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, et seq.

86. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R. I. Gen. Laws § 6-13.1-1, et seq.

87. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, et seq.

88. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, et seq.

89. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, et seq.

PLAINTIFFS' COMPLAINT - CLASS ACTION

90. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.

91. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1, et seq.

92. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451, et seq.

93. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59-1-196, et seq.

94. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash Rev. Code § 19.86.010, et seq.

95. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, et seq.

96. Plaintiffs and members of the Class have been injured by reason of Defendants' unfair and deceptive acts and practices in regard to their manufacturing, marketing, sale, and warranty practices relating to the defective Televisions. These injuries are of the type that the above State consumer protection statutes were designed to prevent, and are the direct result of the Defendants' unlawful conduct.

**FIFTH CAUSE OF ACTION**
**Violation of the Song Beverly Consumer Warranty Act**
**(Cal Civ. Code § 1792 et seq.)**
**(Against All Defendants)**

97. Each of the above allegations is incorporated herein.

98. Under the Song Beverly Consumer Warranty Act, Defendants are required to make available replacement parts to effect repairs during the warranty period, and repair defects within 30 days. Cal.

PLAINTIFFS' COMPLAINT - CLASS ACTION

Civ. Code § 1793.2(a)(3) and (b).

99. Defendants violated the Song Beverly Consumer Warranty Act by failing to provide the effective repair or replacement of the defective Televisions within 30 days.

100.     As provided by the Song Beverly Consumer Warranty Act, Plaintiffs, on their own behalf and on behalf of the Class, seeks reimbursement of the cost of the defective Televisions as well as an award of attorneys' fees.

### SIXTH CAUSE OF ACTION
#### Breach of Express Warranty
#### (Against All Defendants)

101.     Each of the above allegations is incorporated herein.

102.     Hitachi's affirmations of fact and/or promises relating to the Televisions creates express warranties that the products purchased by Plaintiffs and the Class would operate properly and without defects, and would therefore portray video without extraneous artifacts which would impair the viewing of the video program.

103.     Alternatively, Hitachi's descriptions of the Televisions became part of the bases of the bargains between consumers and Hitachi, creating express warranties that the product purchased by Plaintiffs and the Class would conform to Hitachi's representations.

104.     In fact, the products purchased by the Plaintiffs did not so conform.

105.     As a result of the foregoing, Plaintiffs and the Class have suffered damages.

### SEVENTH CAUSE OF ACTION
#### Violation of Magnum-Moss Act (15 U.S.C. § 2301 et seq.
#### (Against All Defendants)

106.     Each of the above allegations is incorporated herein.

107.     Plaintiffs and the Class are consumers as defined in 15. U.S.C. § 2301(3).

PLAINTIFFS' COMPLAINT - CLASS ACTION

C. Awarding restitution and disgorgement as a result of Hitachi's unfair business practices and untrue and misleading advertising;

D. Enjoining the Defendants from continuing their illegal practices set out above and in violation of the Consumers Legal Remedies Act;

E. Requiring Hitachi to inform the public of the Defect possessed by its Televisions and enjoining Hitachi from refusing to perform its warranty obligations;

F. Awarding pre and post-judgment interest;

G. Awarding attorneys fees, expenses and costs; and

H. Providing such other and further relief as this Court may deem just and proper.

DATED: 12|10, 2008.

MAGAÑA, CATHCART & McCARTHY

By: _____
Clay Robbins III
*Attorney for Plaintiffs*

**JURY DEMAND**

Plaintiffs demand trial by jury.

DATED: 12|10, 2008.

MAGAÑA, CATHCART & McCARTHY

By: _____
Clay Robbins III
*Attorney for Plaintiffs*

**ATTACHMENT**

Clay Robbins III, Esq. (SBN 101275)
**MAGAÑA, CATHCART & McCARTHY**
1801 Avenue of the Stars, Suite 600
Los Angeles, California 90067-5899
Tel: (310) 553-6630; Fax (310) 407-2295

**HEYGOOD, ORR, REYES, PEARSON & BARTOLOMEI**
Eric D. Pearson
eric@reyeslaw.com
John W. Pate
john@reyeslaw.com
2331 W. Northwest Highway, 2nd Floor
Dallas, TX 75220
214-526-7900 Telephone
214-526-7910 Facsimile
Attorneys for Plaintiffs

## VIA FAX

# CIVIL COVER SHEET

*Rev. 12/07*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

CRYSTAL MARKEE and STAN GOR, on behalf of themselves and all other similarly situated,

**DEFENDANTS**

HITACHI HOME ELECTRONICS (AMERICA), INC., HITACHI AMERICA , LTD., and HITACHI LTD.,

08 DEC 12 PM 4:00

**(b)** County of Residence of First Listed Plaintiff  Sutter County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
SOUTHERN DISTRICT COURT
CALIFORNIA
DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

("see Attachment")

Attorneys (If Known)

**'08 CV 2314 BEN LSP**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| 1 U.S. Government Plaintiff | 3 Federal Question (U.S. Government Not a Party) |
| 2 U.S. Government Defendant | X 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | X 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | X 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - | 620 Other Food & Drug | 423 Withdrawal | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product | Med. Malpractice | 625 Drug Related Seizure | 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | Liability | 365 Personal Injury - | of Property 21 USC 881 | | 450 Commerce |
| 150 Recovery of Overpayment | 320 Assault, Libel & | Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of Judgment | Slander | 368 Asbestos Personal | 640 R.R. & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| 151 Medicare Act | 330 Federal Employers' | Injury Product | 650 Airline Regs. | 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability | Liability | 660 Occupational | 840 Trademark | 480 Consumer Credit |
| Student Loans | 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | 490 Cable/Sat TV |
| (Excl. Veterans) | 345 Marine Product | 370 Other Fraud | 690 Other | | 810 Selective Service |
| 153 Recovery of Overpayment | Liability | 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | 850 Securities/Commodities/ |
| of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal | 710 Fair Labor Standards | 861 HIA (1395ff) | Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle | Property Damage | Act | 862 Black Lung (923) | 875 Customer Challenge |
| 190 Other Contract | Product Liability | X 385 Property Damage | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| 195 Contract Product Liability | 360 Other Personal | Product Liability | 730 Labor/Mgmt.Reporting | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | Injury | | & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | **FEDERAL TAX SUITS** | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Sentence | 791 Empl. Ret. Inc. | or Defendant) | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ | **Habeas Corpus:** | Security Act | 871 IRS—Third Party | 895 Freedom of Information |
| 240 Torts to Land | Accommodations | 530 General | | 26 USC 7609 | Act |
| 245 Tort Product Liability | 444 Welfare | 535 Death Penalty | **IMMIGRATION** | | 900 Appeal of Fee Determination |
| 290 All Other Real Property | 445 Amer. w/Disabilities - | 540 Mandamus & Other | 462 Naturalization Application | | Under Equal Access |
| | Employment | 550 Civil Rights | 463 Habeas Corpus - | | to Justice |
| | 446 Amer. w/Disabilities - | 555 Prison Condition | Alien Detainee | | 950 Constitutionality of |
| | Other | | 465 Other Immigration | | State Statutes |
| | 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multidistrict Litigation | 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(d)

Brief description of cause:
Class Action brought by Plaintiffs seeking damages and equitable relief.

**VII. REQUESTED IN COMPLAINT:**

✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ✓ Yes    No

**VIII. RELATED CASE(S) IF ANY**

(See instructions)

JUDGE

DOCKET NUMBER

DATE
12/10/2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 15804    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

12/12/08

ORIGINAL

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 158049   — MB

# December 12, 2008
# 16:21:50

# Civ Fil Non-Pris
USAO #.: 08CV2314 CIVIL FILING
Judge..: ROGER T BENITEZ
Amount.:                    $350.00 CK
Check#.: 26068

# Total—>   $350.00

FROM: CRYSTAL MARKEE AND STAN GOR
VS HITACHI HOME ELECTRONICS